UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION, a Washington corporation, <br><br> Plaintiff, <br><br> v. <br><br> PAYNOR LIMITED, a Cyprus corporation, <br><br> Defendants. | No. <br><br> **COMPLAINT FOR BREACH OF CONTRACT** |

## I. PARTIES

1. Plaintiff Valve Corporation ("Valve") is a Washington corporation with its primary place of business in Bellevue, Washington.

2. Defendant Paynor Limited ("Paynor") is a Cyprus corporation doing business in various countries, and is the parent company of IPSP Global Financial Services, LLC d/b/a Payelp Global ("Payelp").

## II. JURISDICTION AND VENUE

3. There is complete diversity of citizenship between the parties because Valve and Paynor are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

COMPLAINT FOR BREACH OF CONTRACT - 1

4815-9174-7609.09
63478.00040

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

4. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in King County, Washington. Also, this is an action for breach of contract, wherein the parties agreed that any dispute or action arising under the contract would be resolved exclusively in the state or federal courts located in the Western District of Washington and irrevocably consented to the jurisdiction of this Court.

### III.  FACTUAL ALLEGATIONS

5. Valve is an entertainment software and technology company in the video gaming industry. Valve is headquartered in Bellevue, Washington. Valve created and operates the digital distribution and gaming platform service known as Steam. Steam offers users the ability to purchase or license various content, features, goods or services ("Content"). Users may purchase game subscriptions on Steam by depositing funds into the digital "wallet" associated with their account. ("Steam Currency")

6. On or about October 1, 2012, Valve entered into a Pay Station Solution Agreement ("Payelp Agreement") with Defendant's subsidiary, Payelp. The Payelp Agreement authorized Payelp to resell Steam Currency and Content to customers in Russia and various former Soviet republics using the DengiOnline payment platform owned and operated by Paynor, which claims to connect to over 70 different payment systems and methods, including cash payments, bank cards, mobile payments, payment terminals, electronic wallets and PayPal. The Payelp Agreement required Payelp to promptly remit to Valve the proceeds of all such sales (less Payelp's agreed fee and certain third party expenses).

7. Through DengiOnline, Payelp collected substantial amounts of money from Steam users for Steam Currency. However, it failed to timely and fully remit those amounts to Valve, as required by the Payelp Agreement. By early 2014, Payelp owed Valve over $3 million in missed payments.

COMPLAINT FOR BREACH OF CONTRACT - 2

4815-9174-7609.09
63478.00040

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

8. Valve elected to terminate the Payelp Agreement as a result of Payelp's multi-million dollar delinquency. Payelp remained liable following termination for all amounts owed to Valve.

9. Payelp's parent company, Defendant Paynor, intervened to persuade Valve to continue using the DengiOnline payment platform for Steam transactions in Russia and the former Soviet republics. To induce Valve to continue doing business through DengiOnline, Paynor agreed to repay all amounts owed by Payelp to Valve, and to execute a new Pay Station Solution Agreement with Paynor as the obligated party. Accordingly, on or around April 22, 2014, Paynor and Valve entered a new Pay Station Solution agreement (the "Paynor Agreement").

10. The Paynor Agreement gave Paynor rights similar to those formerly granted to Payelp to resell Steam Currency and Content to customers in Russia and various former Soviet republics using the DengiOnline payment platform. Paynor Agreement §§ 3.1, 4.1.

13. The Paynor Agreement stated that "[i]t is the primary obligation of Payelp to ensure the timely transfer of Customer payments for Steam Currency and Content to [Valve]," and required Paynor to pay to Valve each day the total payments made for purchases of Steam Currency and Content using DengiOnline during the previous day, deducting only (i) Paynor's agreed fees, and (ii) amounts actually paid to specified third parties for their services. Paynor Agreement § 4.1(b) & Ex. B.

11. Pursuant to the Paynor Agreement, Paynor resold Steam Currency and Content to Steam users using the DengiOnline payment platform and collected substantial amounts of money from such sales. However, Paynor did not make all required payments to Valve from the funds it collected from Steam users. Instead, Paynor began delaying payment to Valve – which was supposed to occur daily – almost immediately after the Paynor Agreement was executed. Those delays continued through 2014, despite Valve's demands and attempts to bring Paynor into compliance with its payment obligations under the Paynor Agreement. Paynor also failed to

COMPLAINT FOR BREACH OF CONTRACT - 3

4815-9174-7609.09
63478.00040

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

perform its obligation to provide a daily report to Valve reflecting payments received from Steam customers.  Paynor Agreement § 4.1(c).

12. On December 18, 2014, Valve terminated the Paynor Agreement pursuant to Section 10.2 due to Paynor's repeated failures to meet its obligations under the Paynor Agreement, despite numerous promises by Paynor to do so.

13. The Paynor Agreement states that Paynor remains liable for all outstanding obligations to Valve following termination.  Paynor Agreement § 10.3.  At the time of termination, Paynor owed Valve over $1 million.  Over $1 million of Paynor's obligation to Valve remains unpaid and outstanding as of the date of this Complaint.  Valve has also not received from Paynor the reports required by the Paynor Agreement or a final accounting.

14. Paynor and Valve agreed that the Paynor Agreement shall be construed and controlled by Washington law, that the state and federal courts in the Western District of Washington has exclusive jurisdiction over any dispute or action arising under the Paynor Agreement, and that the prevailing party in any litigation arising out of the Agreement will be entitled to recover all reasonable costs, attorneys' fees and other expenses.  Paynor Agreement § 13.7.

### IV.  CAUSE OF ACTION: BREACH OF CONTRACT BY PAYNOR

15. Valve restates and incorporates by reference its allegations in Paragraphs 1–21.

16. The Paynor Agreement is a valid and enforceable contract between Valve and Paynor.

17. At all relevant times, Valve performed its obligations under the Paynor Agreement.

18. Paynor materially breached the Paynor Agreement as set forth above.

19. Valve has been damaged by Paynor's breaches in an amount to be proven at trial.

COMPLAINT FOR BREACH OF CONTRACT - 4

4815-9174-7609.09
63478.00040

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Valve prays for relief as follows:

A. For recovery from Paynor of all damages that Valve has suffered, in an amount to be proven at trial;

B. For an order that Paynor provide a full accounting of payments received from Steam users under the Paynor Agreement;

C. For a pre-judgment writ of attachment of all assets of Paynor that may be found in the United States to prevent the diversion of those assets and to secure amounts owed to Valve;

D. For an award of prejudgment interest;

E. For an award of Valve's reasonable costs, attorneys' fees and other expenses; and

F. For such other and further relief as the Court deems just and equitable.

DATED this 13th day of February, 2015.

RIDDELL WILLIAMS P.S.

By /s/ Gavin W. Skok
Gavin W. Skok, WSBA #29766

By /s/ Jayson W. Sowers
Jayson W. Sowers, WSBA #27618

By /s/ Hilary Bramwell Mohr
Hilary Bramwell Mohr, WSBA #40005

Attorneys for Plaintiff

COMPLAINT FOR BREACH OF CONTRACT - 5

4815-9174-7609.09
63478.00040

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600